IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS CLAY | § | |
| | § | CIVIL ACTION NO. 9:04cv72 |
| DAVID STACKS, ET AL. | § | |

## MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Thomas Clay, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Clay named 16 defendants in his lawsuit, which raised claims of improper medical care, excessive use of force, denial of food, denial of the right to attend a disciplinary hearing, denial of religious services, conditions of confinement in administrative segregation, failure by TDCJ-CID officials to investigate his claims, invasion of privacy, and retaliation. An evidentiary hearing was conducted on September 24, 2004.

Following this hearing, the Magistrate Judge carefully reviewed the testimony and the pleadings, which are quite lengthy. On March 4, 2005, the Magistrate Judge issued a Report recommending that Clay be allowed to proceed on his claims of the medical treatment he received from Nurse Galloway and his claim that he was denied food on numerous occasions. The Magistrate Judge further recommended that the remainder of Clay's claims be dismissed as frivolous, although with the stipulation that such dismissal not count as a strike under 28 U.S.C. §1915(g).

1

Clay filed objections to the Magistrate Judge's Report on March 16, 2005. He also filed a "motion in clarifying claims on defendants," which will be considered together with his objections.

In his objections, Clay asserts that his "main contention" is based on alleged violations of the consent decree in Ruiz v. Estelle, the long-standing prison litigation case. However, the Fifth Circuit has held that the claims of violations of the Ruiz decree are not cognizable in a Section 1983 lawsuit. Green v. McKaskle, 788 F.2d 1116, 1124 (5th Cir. 1986).

Clay disputes the Magistrate Judge's conclusions concerning his use of force claims. He says that in the January 12, 2004, incident, in which force was used on Clay after he fought an attempt to give him a cellmate, that he, Clay, did not block the door, but rather blocked the inmate from coming into the cell. Clay argues in effect that the officers did not have any right to place another inmate in his cell and so he was justified in disobeying the orders which he did not think appropriate; he indicates that the incidents could have been avoided if only the officers had complied with his wishes. The Magistrate Judge correctly concluded that Clay does not have the right to pick and choose which orders he will obey. Clay's objections on this point are without merit.

After listing each named Defendant and reiterating his claims against them, Clay says that he is in "segregation status," although he is not classified as administratively segregated but rather on special penalty cell restriction for refusing to work. His argument that these statuses are equivalent does not give him standing to complain of the three-tiered classification system, and his objections on this point are without merit.

Clay next asserts that he is not claiming that grievances or investigations did not result in a conclusion satisfactory to him, as the Magistrate Judge said; rather, he is complaining that the officials fails to take rectifying action. This is a distinction without a difference; the officials did not take corrective action because they did not resolve the grievance in his favor. Clay has failed to show a violation of his constitutional rights and his claim on this point is without merit.

Clay says that he has adequately pleaded retaliation because he filed a previous federal lawsuit and was subsequently subjected to incidents which he considered adverse. However, the mere fact that one incident precedes another is not proof of a causal connection; this is the logical fallacy of post hoc ergo propter hoc (after this, therefore on account of this). *See* Tampa Times Co. v. National Labor Relations Board, 193 F.2d 582 (5th Cir. 1952) (post hoc ergo propter hoc is not sound logic).

The Fifth Circuit has held that prisoners must produce direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995). A showing of retaliation must involve more than the prisoner's personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997), *citing* Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

Clay's contention that he filed a lawsuit, and then adverse acts were taken, is insufficient to show retaliation. The Fifth Circuit has held that courts must "carefully scrutinize" claims of retaliation in order to ensure that prisoners do not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves." Woods, 60 F.3d at 1166. This case demonstrates the reason for such scrutiny; inmates cannot be allowed to file a lawsuit and then endlessly claim that every action by prison officials which does not suit them was taken in retaliation for that lawsuit. Clay's objections on this point are without merit.

Clay next complains that the Magistrate Judge quoted from medical records and grievances even though discovery has not been completed. However, the Magistrate Judge did not use these records to make credibility determinations, but merely set out the contents of these records in the Report. Nor did the Magistrate Judge cite these records to contradict any of Clay's assertions; in fact, in discussing Clay's claim that he was wrongfully excluded from a disciplinary hearing, the Magistrate Judge stated that the records showed that Clay refused to attend, but that these records would be disregarded and Clay's assertion that he was never given the opportunity to go would be taken as true. The Magistrate Judge also set out the contents of Clay's medical records and

3

concluded that Clay's medical claim should be allowed to go forward. Clay's objection on this point is without merit.

In the document which Clay styled as a "motion to clarify" his claims, he again complains of the Magistrate Judge's citations to his grievances and medical records. He accuses the Magistrate Judge of "defending the Defendants preemptively" and says that this requires recusal of the Magistrate Judge.

Clay next discusses his claim regarding the denial of food, although it is not clear that he recognizes that the Magistrate Judge recommended allowing this claim to go forward. He says that with regard to his use of force claims, the incidents would not have occurred but for "a scheme built around falsified medical information." A review of Clay's pleadings show that the Magistrate Judge correctly determined that these uses of force were precipitated by Clay's acknowledged refusal to obey orders and rules, as Clay states in his own pleadings. He stated that in the January 12, 2004, incident, he refused to comply with an order to accept a cellmate and physically blocked the officers from carrying out this order. In the February 4, 2004, incident, he refused several orders to submit to a strip search and tied his cell door shut. In the February 27, 2004 incident, he refused to comply with several orders for a cell move and a strip search. Clay's claims on this point are without merit.

Next, Clay complains of the Magistrate Judge's recommendation with respect to his claim of exclusion from the disciplinary proceeding, but does not mention the Magistrate Judge's conclusion that he was not deprived of a constitutionally protected liberty interest. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). This objection is without merit.

With regard to Clay's claim concerning invasion of privacy, he says that he was placed in a cell with a hidden camera because the prison officials were trying to see if he really could not walk. He has offered nothing to show that the Magistrate Judge's disposition of this claim was incorrect.

Clay says that the Magistrate Judge concluded that he, Clay, never made clear why he was being retaliated against, but says that in his denial of food claim, he specified that this denial

4

took place after he filed a grievance. Even assuming that this chronology adequately shows retaliation, the claim regarding the denial of food is being allowed to go forward. His objection on this point is without merit.

Finally, Clay asserts that the Magistrate Judge incorrectly concluded that the 11th Amendment bars "municipal claims" under the doctrine of sovereign immunity. He says that under his theory, the policies of TDCJ and the University of Texas Medical Branch were the driving force behind the constitutional violations. Aside from the fact that Clay never identified any such policies which resulted in constitutional violations, the Magistrate Judge correctly held that as an agency of the State of Texas, not a municipality, the Texas Department of Criminal Justice is shielded by sovereign immunity. Hafer v. Melo, 112 S.Ct. 358, 363 (1991); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). This is likewise true for the University of Texas Medical Branch, which is also a state agency. Clay's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents and filings in the record. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that all of the Plaintiff's claims except for his claims regarding his medical treatment from Nurse Galloway, and his claim that he was denied food, be and hereby are DISMISSED with prejudice as frivolous. It is further

ORDERED that all of the Defendants in this lawsuit except for Warden Stacks, Nurse Galloway, Lt. Martinez, and Sgt. Bridges be and hereby are DISMISSED as parties to this case. It is further

ORDERED that the dismissal of these claims and parties, at this time, shall not count as a strike under 28 U.S.C. §1915(g). Finally, it is

ORDERED that the Plaintiff's "motion to clarify pleadings," filed March 16, 2005 and addressed in this Memorandum Opinion, is hereby DENIED.

SIGNED this 12 day of April, 2005.

THAD HEARTFIELD
UNITED STATES DISTRICT JUDGE